UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FINDLING, in his
Capacity as State-Court
Appointed Receiver,

        Plaintiff,        Case No. 17-CV-13560
                             HON. GEORGE CARAM STEEH

vs.

UNITED STATES OF AMERICA,
DAVID W. THURSFIELD, and
LINDA J. THURSFIELD,

        Defendants.
_____/

OPINION AND ORDER DENYING DEFENDANT UNITED STATES'
MOTION TO DISMISS [DOC. 12] AND GRANTING PLAINTIFF'S
MOTION FOR AUTHORITY TO DEPOSIT FUNDS [DOC. 21]

This matter comes before the court on defendant United States' motion to dismiss and plaintiff Receiver David Findling's motion for approval of bond or to deposit funds with the court. The court held an in-chambers conference with the parties on March 26, 2018, during which time all parties informed the court they would waive oral argument on the motions and rely on the arguments in their briefs.

FACTUAL BACKGROUND

On April 16, 2005, a Judgment of Divorce was entered by the Oakland County Circuit Court between David Thursfield ("David") and his

former wife, Linda Thursfield ("Linda"). A property Settlement Agreement divided the parties' marital property. David has more than one retirement benefit plan through his former employment with Ford Motor Company. One is qualified under the Employment Retirement Income Security Act ("ERISA") (the "Qualified Plan") and another one is not qualified under ERISA (the "Non-Qualified Plan"). The Settlement Agreement provided that both retirement plans were to be divided between the parties equally.

On January 15, 2015, David was in default of the Judgment of Divorce and the Circuit Court appointed David Findling as Receiver. David and Linda entered into a Settlement Agreement on August 4, 2015 which was incorporated and merged into their Judgment of Divorce. The Settlement Agreement provided that Linda receive David's 50% interest in the Qualified and Non-Qualified Plans effective May 1, 2015. This meant that Linda now received 100% of David's Ford U.S. Pension. David retained his Ford U.K. Pension. In addition, Linda was awarded a Money Judgment for $4,118,911.89 and was entitled to a lien.

David's interest in the Non-Qualified Plan could not be divided by a qualified domestic relations order. Therefore, 100% of the monthly payments from the Non-Qualified Plan ("Pension Payment") are remitted to

the Receiver. From February 2016 to April 2017, each Pension Payment was collected by the Receiver and in turn remitted to Linda.

On April 4, 2017, the United States served a Notice of Levy ("2017 Levy") on the Receiver for tax liability owed by David. IRS Officer Teresita Lopez told the Receiver a Notice of Federal Tax Lien ("NFTL") had been perfected against David in the amount of $146,075.99 for his 2009 taxes. Because David resided in Spain, the NFTL was recorded in the District of Columbia on May 25, 2016.

After the Money Judgment was entered in 2015, Linda recorded a UCC-1 in Oakland County, Michigan to perfect her lien ("Linda's Lien"). When Linda's lawyers learned of the NFTL, Linda re-recorded her UCC-1 in the District of Columbia on June 1, 2017. Thereafter, the United States recorded a second NFTL on August 18, 2017.

On September 26, 2017, the Receiver wrote a letter to Officer Lopez outlining numerous issues:

- The Receiver's personal liability under 31 USC §3713(b);
- Whether the Receiver was required to marshal David's Ford U.K. Pension under the marshaling doctrine;

- The necessity of releasing the Receiver from liability due to both the obligations under the 2017 Levy and the NFTL should he remit payment to Linda;

- Whether the Pension payments from the Non-Qualified Plan are property of David or Linda; and

- Does the United States have lien priority over Linda and if so is it for $146,075.99 or $2,124,693.00?

Officer Lopez responded with a letter on October 4, 2017 stating that the 2017 Levy attached to 50% of David's interest in his Ford Non-Qualified Retirement Plan and does not attach to the portion of that plan the Circuit Court ordered to be paid to Linda as part of the April 16, 2005 divorce settlement. The letter did not address the fact that the merged Settlement Agreement allocated 100% of David's Ford U.S. Pension to Linda. Nor did the letter address the other issues raised by the Receiver.

Because of the various issues and possible exposure facing the Receiver, he filed this action to interplead the Receivership Funds and seeks declaratory relief in this federal court.

## ANALYSIS

I. Motion to Dismiss

There are two approaches to interpleader in the federal courts. Statutory interpleader is brought pursuant to the Federal Interpleader Act, 28 U.S.C. §1335, 1397, 2361, which grants district courts original jurisdiction. Statutory interpleader relief is available if the plaintiff "stakeholder" has in its custody property valued at $500 or more, there are two or more adverse claimants of diverse citizenship, and the plaintiff has

deposited the property or its value with the court. The United States may be named as an adverse party where it "has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(5).

The first element, the amount in controversy, is satisfied in this case. The second element for statutory interpleader requires that minimal diversity exist among at least two of the claimants to the fund. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). Complete diversity is satisfied if the action is between citizens of a State and citizens of a foreign state, "except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C.A. § 1332(a)(2).

The claimants in this case include Linda, who claims a right to the entire Receivership Funds pursuant to a Circuit Court judgment as well as her recorded lien, and the Internal Revenue Service which claims a right to the Receivership Funds pursuant to its recorded liens and its Notice of Levy served on the Receiver. Potential other claimants to the Receivership Funds include the Receiver who asserts a claim to the funds

for his receiver's and attorney's fees, and David Thursfield who is a named defendant but has not yet been served.

Both Linda and David are citizens of the United Kingdom, with Linda domiciled in Michigan and David allegedly domiciled in Spain. The Receiver has been appointed under the authority of the State of Michigan, so his citizenship is presumably Michigan, assuming he is properly considered a claimant to the funds. The IRS is an agency of the United States and as such its claim is treated as if it is made by the United States. The United States is not a party that can be sued in diversity as it is not a citizen of any state. *See Koppers Co., Inc. v. Garling & Langlois*, 594 F.2d 1094, 1097 n.1 (6th Cir. 1979). Based on the evidence before the court it is not clear that minimal diversity is met in this case.

The third requirement for statutory interpleader is that the funds be deposited with the court, or that a sufficient bond be posted. This issue is addressed in the section of this order dealing with plaintiff's motion for approval of bond or authority to deposit funds subject to interpleader.

Even where statutory interpleader does not confer jurisdiction on this court, interpleader may still be employed under the Federal Rules of Civil Procedure. Rule 22 interpleader is a procedural device which does not itself grant the court subject matter jurisdiction. Fed. R. Civ. P. 22.

Therefore, in an action brought pursuant to rule interpleader, federal question jurisdiction or diversity jurisdiction must first be established.

The Sixth Circuit has recognized that a district court can exercise federal subject matter jurisdiction in a Rule 22 interpleader action involving the IRS as an adverse claimant if federal question jurisdiction would have existed in a coercive action filed by the IRS against the stakeholder. The court reasoned that such coercive action would be decided as a matter of federal law as opposed to state law. *Bell & Beckwith v. United States*, 766 F.2d 910, 914 (6th Cir. 1985). The *Bell & Beckwith* court held that federal jurisdiction did not exist in the case before it because a coercive action by the IRS in that case was one to be decided exclusively by state law. The issue presented was whether the taxpayer owned the liened funds or whether the funds were owned by another claimant. The issue of ownership was exclusively one of state law.

In a coercive action between the United States and Linda over the right to the Receivership Funds, the issues go beyond state law in determining ownership. In addition to determining Linda's ownership of the Pension Payments pursuant to the Circuit Court Judgment of Divorce and Settlement Agreements, in this case there are competing perfected liens which involve application of the Federal Tax Lien Act, 26 U.S.C.

§6321, et seq.   Unlike in *Bell & Beckwith*, resolution of the question of ownership of the Receivership Funds will not "obviate[] the need to decide the federal question . . . ."   *Id.* at 916.   It is too broad an interpretation of *Bell & Beckwith* to hold that all disputes regarding the priority of a federal tax levy require reliance upon state law to determine competing property rights.   The court finds that in this case federal question jurisdiction exists and Rule 22 interpleader may be utilized by the Receiver.

II.   Motion for Approval of Bond or Authority to Deposit Funds

Plaintiff moves for approval of bond or for authority to deposit the Receivership Funds with the court.   The Receiver receives over $27,000 per month from David's Ford U.S. Pension.   There is currently $270,991.18 in the receivership trust account.   The court orders that the Receiver shall deposit the Receivership Funds already held into the court's registry and that each future monthly Pension Plan payment shall be deposited into the court's registry as it is received.

Now, therefore,

IT IS HEREBY ORDERED that the United States' motion to dismiss is DENIED.

IT IS HEREBY FURTHER ORDERED that the Receiver's motion for authority to deposit funds subject to interpleader is GRANTED.   Plaintiff

shall deposit the existing Receivership Funds into the registry of the court, as well as any additional Receivership Funds received on an on-going monthly basis, until further order of the court.

Dated:   March 29, 2018

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 29, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk