UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FINDLING, in his
Capacity as State-Court
Appointed Receiver,

        Plaintiff,         Case No. 17-CV-13560
                               HON. GEORGE CARAM STEEH

vs.

UNITED STATES OF AMERICA,
DAVID W. THURSFIELD, and
LINDA J. THURSFIELD,

        Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANT LINDA THURSFIELD'S MOTION FOR
SUMMARY JUDGMENT AND FOR IMMEDIATE RELIEF [ECF DOC. 30]

After 25 years of marriage, Linda Thursfield obtained a divorce from David Thursfield in 2005. Mrs. Thursfield is now in the unenviable position of being caught up in the Internal Revenue Service's attempt to collect on her ex-husband's failure to pay his 2009 taxes. The matter comes before the court in this Interpleader action on Mrs. Thursfield's motion for summary judgment and for immediate relief. The court held oral argument on the motion on June 20, 2018. For the reasons stated in this opinion and order, defendant Mrs. Thursfield's motion for summary judgment and immediate relief is GRANTED.

On April 16, 2005, a Judgment of Divorce was entered by the Oakland County Circuit Court between David and Linda Thursfield. A property Settlement Agreement divided the parties' marital property. Mr. Thursfield has more than one retirement benefit plan through his former employment with Ford Motor Company. One plan is qualified under the Employment Retirement Income Security Act ("ERISA") (the "Qualified Plan") and another one is not qualified under ERISA (the "Non-Qualified Plan"). The Settlement Agreement provided that both retirement plans were to be divided between the parties equally. With regard to the Non-Qualified Plan, which could not be transferred by a Qualified Domestic Relations Order, the Settlement Agreement provided:

> With respect to those portions of Husband's retirement which are not qualified plans and which cannot be transferred by a Qualified Domestic Relations Order, as of the date of entry of the Judgment of Divorce, or as soon thereafter as possible, Husband will attempt to establish a direct payment to Wife of fifty percent (50%) of the amount he receives, net of the taxes he incurs. If it is not possible to establish direct payments, then a trust will be established for the benefit of Wife to ensure that Wife receives her fifty percent (50%) of the retirement plans, which fifty percent (50%) is net of taxes incurred by Husband.

From 2005 through 2009, Mr. Thursfield voluntarily remitted one half of the net amount after withheld taxes to Mrs. Thursfield. Then, in 2010 when he turned 65 years of age, Mr. Thursfield withdrew a lump sum from the Non-

Qualified Plan. As a result, Mrs. Thursfield's 50% monthly payment from the Non-Qualified Plan was reduced from $58,583 to approximately $27,000. Mrs. Thursfield initiated an enforcement action in state court due to Mr. Thursfield's improper withdraw from the Non-Qualified Plan. Discovery revealed that Mr. Thursfield failed to disclose millions of dollars he received in compensation from his job subsequent to leaving Ford Motor Company, and additionally that he hid other significant assets from Mrs. Thursfield.

On January 15, 2015, David was found to be in default of the Judgment of Divorce and the Circuit Court appointed David Findling as Receiver. Mr. and Mrs. Thursfield entered into a Settlement Agreement on August 4, 2015 which was incorporated and merged into their Judgment of Divorce. The Settlement Agreement provides that Mrs. Thursfield receive Mr. Thursfield's 50% interest in both the Qualified and Non-Qualified Plans effective May 1, 2015. This means that Mrs. Thursfield now receives 100% of the Non-Qualified Plan with a reversionary interest in Mr. Thursfield if he outlives her:

> 6. David will assign all of his right, title, and interest to his Ford pension to Linda effective May 1, 2015 (approximately $25,000-$30,000 per month). In the event Linda predeceases David, his obligation to pay her additional funds under this paragraph is terminated. Also, if Linda predeceases David, he agrees to pay

>
> the first six months of the Ford U.S. pension payments to their daughter, Charlotte, forthwith.

In addition, the 2015 Settlement Agreement provides that "[b]oth parties shall cooperate in perfecting Linda's claim and interest in the Ford U.S. Pension," and that "[a] money judgment quantifying Linda's claim shall be entered forthwith."

On October 8, 2015, a consent money judgment was entered in favor of Mrs. Thursfield and against Mr. Thursfield in the amount of $4,118,911.89 relating to Mr. Thursfield's breach of the 2005 settlement agreement. On the advice of Mrs. Thursfield's tax counsel, the consent money judgment was in a set amount and granted Mrs. Thursfield a lien against the Non-Qualified Plan: "Linda shall be entitled to a lien in accordance with the parties' settlement agreement, including but not limited to the benefits David is entitled to receive under" the Ford Non-Qualified Plan.

Out of an abundance of caution, to make certain that her lien was perfected, Mrs. Thursfield filed two UCC financing statements referencing her claim to Mr. Thursfield's interest in the Non-Qualified Plan. On October 16, 2015, Mrs. Thursfield filed a UCC financing statement with the Michigan Department of State, identifying as collateral "[b]enefits in the name of David Thursfield under the Ford Motor Company Non-Qualified Pension

Plan pursuant to a Consent Money Judgment dated October 8, 2015." The UCC financing statement was filed in Michigan because that is where Mrs. Thursfield believed the property to be perfected was located under state law. See MCL 440.9301. On June 1, 2017, Linda filed a UCC financing statement with the Office of Recorder of Deeds for Washington, D.C., again identifying as collateral "[b]enefits in the name of David Thursfield under the Ford Motor Company Non-Qualified Pension Plan pursuant to a Consent Money Judgment dated October 8, 2015." The second UCC financing statement was filed in case Washington D.C. is the correct place to file a UCC financing statement against a debtor with an overseas address.

On April 4, 2017, the United States served a Notice of Levy ("2017 Levy") on the Receiver for tax liability owed by David. The Receiver feared he faced risk of double liability regardless of how he distributed the monthly payment. He therefore brought this interpleader action on November 1, 2017.

If a person liable to pay any tax neglects to pay after demand, a lien is imposed "in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The lien attaches to all property owned by the delinquent taxpayer. "The federal tax lien statute itself 'creates no property rights, but merely

attaches consequences, federally defined, to rights created under state law.'" *United States v. Craft*, 535 U.S. 274, 278 (2002) (quotation omitted). As the debtor, Mr. Thursfield's interest in the Ford U.S. Non-Qualified Plan, if any, constitutes property or rights to property to which the government's lien attaches. See, *Lawrence v. United States*, 229 F.3d 1152 (6th Cir. 2000).

The 2015 Settlement Agreement, which was incorporated and merged into the parties' judgment of divorce by order of the Oakland County Circuit Court on August 4, 2015, gave all interest and title in the Non-Qualified Plan to Mrs. Thursfield. As the government acknowledged on the record, there has been no allegation or suspicion of any wrongdoing or foul play on the part of Mrs. Thursfield in this case. Mrs. Thursfield therefore has a full interest in the Non-Qualified Plan, while Mr. Thursfield has a reversionary right six months after Mrs. Thursfield's death.

The parties appeared before this court on March 26, 2018 for a hearing on the Receiver's motion to interplead funds and the government's motion to dismiss. The court held an in-chambers conference with the parties on that date, during which time all parties informed the court they would waive oral argument on the motions and rely on the arguments in their briefs. During this in-chambers conference, the court urged the

parties to expedite the process to resolve the matter, admonishing them to communicate in order to get this done.  This court's Practice Guidelines provide that discovery should start right away and not wait for the Rule 26(f) conference:  "The Court does not enforce the stay of discovery contemplated by Fed. R. Civ. P. 26(d) pending the conference contemplated by Fed. R. Civ. P. 26(f)."

For the past three months the government has done nothing to obtain the discovery it claims it needs to adequately respond to Mrs. Thursfield's arguments.  In a clear effort at cooperation, Mrs. Thursfield attached to her reply brief every document in her possession that the government put on its discovery wish list.  The spirit of the state court order adopting the Settlement Agreement in 2015 is obvious that the Non-Qualified Plan belongs to Mrs. Thursfield.  The government has done nothing to dispel this conclusion.

The state court proceedings are clear that Mr. Thursfield's interest was assigned to Mrs. Thursfield, except for a reversionary interest should Mrs. Thursfield predecease her ex-husband.  To find otherwise, or indeed to delay this matter any further, would put form over substance and result in a grave injustice.  Now, therefore,

IT IS HEREBY ORDERED that defendant Linda Thursfield's motion

for summary judgment is GRANTED.

IT IS HEREBY FURTHER ORDERED that Judgment enter in favor of Linda Thursfield with regard to 100% of the Ford U.S. Non-Qualified Pension payments, both prior to and after the issuance of the Notice of Federal Tax Lien and subsequent levy, as well as payments to be made in the future.

IT IS HEREBY FURTHER ORDERED that all funds that were deposited with the registry of the court in this interpleader action will be paid to Mrs. Thursfield.

IT IS HEREBY FURTHER ORDERED that the Receiver shall submit a proposed order that complies with Eastern District of Michigan Local Rule 67.1(b), for disbursement of the interpleaded funds by the court.

So ordered.

Dated: June 28, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 28, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk