UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FINDLING, in his
Capacity as State-Court
Appointed Receiver,

        Plaintiff,        Case No. 17-CV-13560
                                 HON. GEORGE CARAM STEEH

vs.

UNITED STATES OF AMERICA,
DAVID W. THURSFIELD, and
LINDA J. THURSFIELD,

        Defendants.
_____/

OPINION AND ORDER GRANTING STATE COURT RECEIVER'S
MOTION FOR AUTHORITY TO DISTRIBUTE FUNDS [ECF DOC. 63]

The State Court Receiver, David Findling ("the Receiver"), filed this interpleader action on November 1, 2017. The Receiver was appointed post-judgment by the Oakland County Circuit Court in the divorce case of Linda Thursfield and David Thursfield. The Receiver was to collect payments from David Thursfield's Ford Motor Company Non-Qualified Pension Plan and distribute them to Linda Thursfield pursuant to the orders in the divorce case. On April 26, 2017, the Internal Revenue Service ("IRS") served the Receiver with a Notice of Levy, attaching David Thursfield's property for payment of delinquent taxes. With Linda

- 1 -

Thursfield and the IRS both claiming a right to the funds held by the Receiver, the Receiver sought to interplead the funds with this Court.

The IRS filed a motion to dismiss for lack of interpleader jurisdiction (ECF No. 12), which was opposed by the Receiver (ECF No. 17) and ultimately denied by the Court (ECF No. 23). Linda Thursfield filed a motion for summary judgment and immediate relief (ECF No. 30) which was also opposed by the Receiver (ECF No. 34). The Court granted Linda Thursfield's motion for summary judgment on June 28, 2018 and entered final judgment in the case (ECF No. 37 and ECF No. 38). The Receiver appealed the Court's order granting summary judgment and ordering disbursement of the interpleaded funds to Linda Thursfield (ECF No. 48). The Sixth Circuit affirmed the decision of this Court on April 9, 2019.

On September 25, 2019, the Receiver filed a motion for approval of his fees with the Oakland County Circuit Court ("State Court"). The Receiver sought approval of receivership fees incurred between January 7, 2016 and September 24, 2019, in the amount of $92,548.25. Linda Thursfield objected, in part, on the basis that the Receiver was not entitled to fees charged in relation to this interpleader action, including the following charges:

- $3,000 for preparing and filing interpleader action

- $ 15,361 for defending government's motion to dismiss
- $9,511.50 for defending plaintiff's motion for summary judgment
- $8,506 for defending plaintiff's emergency motion to release funds and for contempt and removal of receiver
- $16,024 to appeal the order granting release of the funds.

As to these objections, the State Court agreed with Linda Thursfield, concluding that:

> [H]aving filed the interpleader action on November 1, 2017, any fees the Receiver thereafter incurred with respect to the interpleader action and his subsequent appeal of Judge Steeh's order were not incurred in furtherance of the purpose of the receivership. Accordingly, the Court does not approve the fees the Receiver incurred with respect to the interpleader action, and the related appeal, after the initial filing of the interpleader action on November 1, 2017.

[ECF No. 64-13, PageID.952].

In addition, the State Court did not approve any fees sought by the Receiver for legal research and tax experts regarding his personal liability because such fees were not incurred in furtherance of the purpose of the receivership [ECF No. 64-13, PageID.953]. Attorney fees incurred in preparing the Receiver's statement of fees in August 2018 and July 2019 were also denied by the State Court. The amount of this category of fees is not quantified in the opinion. Finally, the State Court granted Linda Thursfield's request that a new receiver be appointed [ECF No. 64-13, PageID.954]. At the end of the opinion, the State Court ordered that "the

requested fees are approved with the exception noted above." [64-13, PageID.955].

Both the Receiver and Linda Thursfield filed motions for reconsideration of the State Court's order. The State Court granted the Receiver's motion for reconsideration in part by approving $15,361 in fees incurred by the Receiver to defend against the government's motion to dismiss the interpleader action [ECF No. 64-14, PageID.958]. The court ordered that the Receiver's fees were "approved in the amount of $50,237.25, plus any approved amount for tax experts, which will be determined by evidentiary hearing or agreement of the parties." [ECF No. 64-14, PageID.961].

In her order regarding Linda Thursfield's motion for reconsideration, the State Court referred to the Order Appointing Receiver, which provides that the Receiver's claim against the Receivership Estate for approved compensation is entitled to priority over any and all other claims, including Linda Thursfield's claim to the pension proceeds [ECF No. 64-15, PageID.963].

The matter is presently before this Court on the Receiver's motion for authority to distribute funds in accord with the State Court's opinion and order [ECF No. 63]. The Receiver seeks this Court's approval of the fees

awarded by the State Court, as well as its ruling as to the priority of the Receiver's claim.

Linda Thursfield makes multiple objections to the Receiver's motion regarding approval of his fees. Most of the objections relate to categories of fees charged by the Receiver that were approved by the State Court over Linda Thursfield's objection. The arguments made by Linda Thursfield are governed by preclusion law, which requires this federal court to give preclusive effect to a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citing Full Faith and Credit Act, 28 U.S.C. § 1738; other Supreme Court citations omitted). As such, this Court will not second-guess the reasoned decision made by the State Court.

There is one objection that is different from those just discussed. Linda Thursfield points to the State Court's denial of fees charged by the Receiver in preparation of his fee statements and fee petitions for August 2018 and July 2019 [Order at p. 5 ("Plaintiff also objects to charges for the Receiver's preparation of his statement of fees and fee petitions in August 2018 and July 2019. The Court agrees that the attorney fees incurred in preparing the Receiver's statement of fees should not be charged. *See In re Sloan Estate*, 212 Mich App 357; 538 NW2d 47

Case 2:17-cv-13560-GCS-EAS    ECF No. 68, PageID.1042    Filed 11/16/20    Page 6 of 7

(1995)")].  However, Linda Thursfield argues that the State Court failed to deduct that category of fees from the final award.

As noted above, the State Court did not reference the amount of the fees it disallowed in its opinion, but Linda Thursfield avers that these fees amount to $5,721.  She refers to the Receiver's billing statements related to the relevant fee petitions [ECF No. 64-5, PageID.878, 879, 882].  This Court cannot definitively tell how much the State Court considered to be in this category of fees.  However, when the other disallowed categories of fees are subtracted from the total amount the Receiver sought, there is a difference of $5,269.50 between the amount sought and the amount awarded by the State Court:

> Total sought by Receiver – $92,548.25
> Disallowed re preparing and filing interpleader action - $3,000
> Disallowed re response to summary judgment motion - $9,511.50
> Disallowed re response to motion to release funds/contempt - $8,506
> Disallowed re appeal - $16,024
> Disallowed for fee petition prep - ?
> Total after subtracting disallowed amounts - $55,506.75
> Total awarded by State Court - $50,237.25
> Difference - $5,269.50

A plausible explanation is that the $5,269.50 difference represents the fees sought by the Receiver for preparing the August 2018 and July 2019 fee

- 6 -

petitions but disallowed by the State Court. If either party believes the State Court made a calculation error, that is an issue that should be taken up directly with that court. This Court accepts the award of fees to the Receiver, as well as the holding as to priority of payment, ordered by the State Court.

Linda Thursfield also requests that the Receiver reimburse her for the attorney fees she incurred in moving for the release of funds from the Receiver and seeking a contempt order, as well as the cost of responding to his appeal to the Sixth Circuit, totaling $19,496.35. Linda Thursfield does not cite any legal authority supporting her request for attorney fees, nor did she file a motion for the relief sought. Fed. R. Civ. P. 7(b)(1). The Court denies Linda Thursfield's request for attorney fees.

For the reasons stated in this opinion and order, the Receiver's motion for authority to distribute funds is GRANTED.

Dated:  November 16, 2020

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 16, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk